**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| SEAN A. STUDNICKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:11-cv-214-JMS-WGH |
| | ) | |
| DENNIS PROFIT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Entry and Order Dismissing Action

Sean A. Studnicka is an inmate in the custody of the Federal Bureau of Prisons ("BOP"). He is currently confined at the Medical Center for Federal Prisoners in Springfield, Missouri. His complaint filed under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), was transferred to this court and has been docketed as shown above.

Studnicka was directed to supplement his complaint by identifying the sanction(s), if any, he received as a result of the disciplinary hearing described in the amended complaint. He has done so and through such supplement the court has been informed that Studnicka lost a quantity of earned good time as a sanction for the disciplinary proceeding which he contends is tainted with constitutional infirmities.

The action is **dismissed** pursuant to 28 U.S.C. ' 1915A(b) because the complaint fails to state a claim upon which relief can be granted. This conclusion is reached because the plaintiff has alleged facts showing that he is not entitled to the relief he seeks. Specifically, he seeks compensatory and punitive damages based on the wrongful extension of his confinement in an Indiana prison because of a constitutionally tainted disciplinary proceeding. For the plaintiff to prevail as to his claims in this civil rights action would impugn the validity of the disciplinary proceeding. The civil rights claims are barred until such time as the disciplinary proceeding is invalidated, which in turn may occur (in federal court) only through an action for habeas corpus relief. *Muhammad v. Close,* 540 U.S. 749, 751 (2004); *Edwards v. Balisok,* 520 U.S. 641 (1997); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007).

If a plaintiff pleads facts which show that he has no claim, then he has pleaded himself out of court. *Early v. Bankers Life & Casualty Co.,* 959 F.2d 75, 78 (7th Cir. 1992). That is the case here, and the complaint is not saved by having pleaded legal conclusions that if consistent with the facts would establish his right to relief. *Benson v. Cady,* 761 F.2d 335, 338 (7th Cir. 1985).

Judgment consistent with this Entry shall now issue. The dismissal of this action shall be without prejudice.

**IT IS SO ORDERED.**

Date: 10/06/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana